UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ZOCDOC, INC.,

                        Plaintiff,

        - against -

GEOFF CHAMBERS, individually
and on behalf of the "Proposed Rule 23 Class",

                        Defendant.
----------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION TO COMPEL INDIVIDUAL ARBITRATION

Plaintiff Zocdoc, Inc. ("Zocdoc"), by and through its undersigned attorneys, hereby submits this Complaint for Declaratory and Injunctive Relief and Petition to Compel Individual Arbitration in accordance with the binding arbitration agreement entered into by Defendant Geoff Chambers ("Defendant"). In support of its Complaint, Zocdoc respectfully states as follows:

## INTRODUCTION

1. This is an action for a declaratory judgment and injunctive relief and to compel arbitration of Defendant's claims on an individual basis, as mandated by the parties' arbitration agreement.

2. Zocdoc requests that this Court issue two declarations. First, Zocdoc asks the Court to declare that it is for the Court, not the arbitrator, to decide whether class arbitration is available pursuant to the arbitration agreement signed by the parties. Second, Zocdoc asks the Court to declare that class arbitration is not available pursuant to the agreement.

3. Zocdoc further requests that the Court grant necessary and proper injunctive relief based on its declarations, such that Defendant is enjoined from submitting the issue of class arbitration to any arbitrator and from continuing to pursue class arbitration of claims covered by the parties' arbitration agreement.

4. Zocdoc further requests that the Court compel Defendant to arbitrate his claims individually under the terms of the parties' agreement, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA").

## THE PARTIES

5. Zocdoc is a Delaware corporation with its principal place of business located at 568 Broadway, 9th Floor, New York, New York 10012.

6. Upon information and belief, Defendant is an individual residing in Phoenix, Arizona.

7. Defendant was employed by Zocdoc as an Inside Sales Executive from in or around March 2014 until October 17, 2014.

## JURISDICTION AND VENUE

8. Jurisdiction and venue are proper in this Court by agreement of the parties. Paragraph 8 of the letter agreement between Zocdoc and Defendant provides in relevant part,

> You and the Company submit to the exclusive personal jurisdiction of the federal and state courts located in New York in connection with any Dispute or any claim related to any Dispute.

A copy of the letter agreement dated February 14, 2014 is attached hereto as Exhibit A.

9. Defendant filed a Demand for Class Arbitration with the American Arbitration Association ("AAA") on or about August 5, 2016 (the "Arbitration"). The underlying claims in this action, as asserted by Defendant in the Arbitration, allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Accordingly, because federal law governs the

parties' underlying dispute, this Court has subject matter jurisdiction under both Section 4 of the FAA and 28 U.S.C. § 1331.

10. The Court has subject matter jurisdiction over Zocdoc's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202.

## FACTUAL ALLEGATIONS

11. On or about February 14, 2014, Defendant and Zocdoc entered into a letter agreement in connection with Defendant's employment (the "Agreement"). Ex. A.[1]

12. Paragraph 8, entitled "Interpretation, Amendment and Enforcement," provides in relevant part,

> The terms of this letter agreement and the **resolution of any disputes as to the meaning, effect, performance or validity of this letter agreement** or arising out of, related to, or in any way connected with, this letter agreement, your employment with the Company or any other relationship between you and the Company (the "Disputes") will be governed by New York law, excluding laws relating to conflicts or choice of law. You and the Company submit to the exclusive personal jurisdiction of the federal and state courts located in New York in connection with any Dispute or any claim related to any Dispute.

Ex. A, ¶ 8 (emphasis added).

13. Further, the Agreement expressly provides that "[a]ny controversy or claim **arising out of this letter agreement** and any and all claims relating to [Defendant's] employment with the Company will be settled by final and binding arbitration." Ex. A, ¶ 9 (emphasis added).

14. The Agreement's arbitration clause does not authorize class arbitration. *See* Ex. A, ¶ 9.

---

[1] The putative class members of the pending Arbitration proceeding signed agreements that are identical in all material aspects to the Agreement attached hereto as Exhibit A.

15. On or about August 5, 2016, Defendant filed a Demand for Class Arbitration before AAA on behalf of himself and other similarly situated "inside sales representatives" employed by Zocdoc alleging violations of the FLSA. A copy of Defendant's Demand for Class Arbitration is attached hereto as Exhibit B.

16. Counsel for Defendant has submitted to AAA Notices of Consent Filing identifying additional individuals who have consented to Defendant's assertion of claims on their behalf. Copies of the Notices of Consent Filing are attached hereto as Exhibit C.

17. As the parties' Agreement does not authorize class arbitration, Defendant is required to individually arbitrate his claims before AAA.

18. Likewise, as the parties' Agreement does not authorize class arbitration, the putative class members are required to individually arbitrate any claims that they may have against Zocdoc.

19. Accordingly, Zocdoc now brings this suit to declare its rights under the Agreement, to enjoin the improper Arbitration commenced by Defendant, and to compel individualized arbitration of the claims asserted in the Arbitration, as expressly agreed by the parties.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

20. Zocdoc repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

21. An actual and justiciable controversy exists between Zocdoc and Defendant concerning the question of who decides whether class arbitration is available pursuant to the Agreement: the Court or the arbitrator.

22. Zocdoc maintains that the Court must decide questions of arbitrability, including as to whether the original parties to the Agreement agreed to arbitrate on a class basis.

23. A declaratory judgment and injunctive relief will serve the practical end of resolving and settling a dispute with respect to the parties' contractual and legal rights and obligations.

24. Pursuant to 28 U.S.C. § 2201, Zocdoc is entitled to a declaration that, as a matter of law, it is the Court – not the arbitrator – that must decide the question of class arbitrability because Zocdoc did not agree, through the Agreement or otherwise, to submit such questions to arbitration.

25. Pursuant to 28 U.S.C. § 2202, Zocdoc also is entitled to necessary and proper relief based on this declaration in the form of an injunction barring Defendant from further seeking to have an arbitrator decide the question of class arbitrability.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

26. Zocdoc repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

27. An actual and justiciable controversy exists between Zocdoc and Defendant concerning the arbitrability of the putative class claims that Defendant has brought in the Arbitration.

28. Zocdoc maintains that Defendant's claims may not proceed on a class basis.

29. A declaratory judgment and injunctive relief will serve the practical end of resolving and settling a dispute with respect to the parties' contractual and legal rights and obligations.

30. Pursuant to 28 U.S.C. § 2201, Zocdoc is entitled to a declaration that, as a matter of law, Defendant is precluded from pursuing arbitration of any claims on behalf of any purported class in the Arbitration or in any other arbitration because Zocdoc did not agree to, and the Agreement does not authorize, the arbitration of disputes on a class basis.

31. Pursuant to 28 U.S.C. § 2202, Zocdoc also is entitled to necessary and proper relief based on this declaration in the form of an injunction barring Defendant from continuing to pursue any class claims in the Arbitration or in any other arbitration because Zocdoc did not agree to, and the Agreement does not authorize, the arbitration of disputes on a class basis.

## THIRD CAUSE OF ACTION

### (Order Pursuant to Federal Arbitration Act, 9 U.S.C. § 4)

32. Zocdoc repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

33. The parties' agreement to arbitrate the claims covered by the Agreement is enforceable in this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, which specifically authorizes this Court, upon Petition, to enter an Order directing that arbitration proceed in the manner provided for in the arbitration agreement. *See* 9 U.S.C. § 4.

34. Defendant voluntarily entered into a valid and binding arbitration agreement with Zocdoc by signing the Agreement, which specifically states that "[a]ny controversy or claim **arising out of this letter agreement** and any and all claims relating to [Defendant's] employment with the Company will be settled by final and binding arbitration." Ex. A, ¶ 9 (emphasis added).

35. Defendant and Zocdoc agreed to arbitrate claims arising out of *Defendant's* letter agreement. They did not agree to arbitrate claims arising out of other employees' letter agreements.

36. Zocdoc has been aggrieved by Defendant's failure to properly arbitrate under the Agreement and instead file an improper Demand for Class Arbitration, and will suffer irreparable injury if subjected to an arbitration proceeding to which it did not consent.

37. The FAA authorizes courts to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

38. Accordingly, as the parties did not agree to arbitrate any claims on a class basis, this Court should enjoin Defendant from arbitrating claims on a class basis and order that Defendant arbitrate his claims on an individual basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Zocdoc asks that this Court:

A. Enter a declaration stating that:

1. this Court, not an arbitrator, must decide whether class arbitration is available pursuant to the Agreement; and

2. Defendant is precluded from asserting any purported class claims against Zocdoc on behalf of himself or similarly situated individuals;

B. Enter an order and judgment:

1. enjoining Defendant from continuing to submit the question of class arbitrability to an arbitrator;

2. enjoining Defendant from continuing to pursue any purported class claims against Zocdoc on behalf of similarly situated individuals; and

   3. compelling Defendant to submit to arbitration on an individual basis all claims against Zocdoc arising out of his employment with Zocdoc, including the claims set forth in the Arbitration;

C. Award Zocdoc its costs and expenses associated with this action; and

D. Award Zocdoc such other and further relief as may be proper.

Dated: September 2, 2016
    New York, New York

         Respectfully submitted,

         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        By: /s/ Christina M. Schmid
         Sharon P. Margello
         Christina M. Schmid
         1745 Broadway, 22nd Floor
         New York, New York  10019
         Tel.  (212) 492-2093
         Fax  (212) 492-2501
         *Attorneys for Plaintiff*
         *Zocdoc, Inc.*